IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DR. CHARLES MEANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.   12-CV-655-WDS |
| | ) | |
| **CITY OF EAST ST. LOUIS, ILLINOIS,** | ) | |
| | ) | |
| **Defendant.** | | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss plaintiff's amended complaint (Doc. 7) to which plaintiff has filed a response (Doc. 10). Plaintiff, formerly city manager of the City of East St. Louis, Illinois, seeks relief pursuant to 42 U.S.C. §1983 for: wrongful termination, and for alleged damage to his reputation. Defendant seeks to dismiss the complaint under Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim, asserting that the termination on which his claim is based occurred 6 years ago, and that the statute of limitations expired for his civil rights claim; and that the second count fails to properly allege a defamation claim and is also well outside the statute of limitations.

To state a claim, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). It must be decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir.2010); accord Fed.R.Civ.P. 10(c). Ultimately, the pleadings must be sufficient to provide the defendant with fair notice of the claim and its basis. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012); *Brooks*, 578 F.3d at 581 (citing *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007)). The Court reviews a motion to dismiss in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## ANALYSIS

Defendant seeks dismissal on the grounds that plaintiff has failed to state an actionable civil rights claim because the claim advanced is time-barred. Statutes of limitations usually act as an affirmative defense. Fed. R. Civ. P. 8(c). Challenges to an action based on a statute of limitations violation may be considered on a motion to dismiss when the legal effect of the bar appears clearly from the complaint. Anderson v. Linton, 178 F.2d 304, 309-10 (7th Cir. 1999).

To determine the statute of limitations in a §1983 case, courts look to the personal injury laws of the state where the injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, §1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir.1992). Federal law, however, governs the accrual of such claims. *Kelly,* 4 F.3d at 511.

Plaintiff contends that the claim is subject to the ten year statute of limitations for contracts. The Supreme Court, however, has stated:

> If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.

*Wilson,* 471 U.S. at 273-75.   The cause of action plaintiff alleges, despite his argument to the contrary, is properly characterized as a civil rights claim and therefore, the personal injury statute of limitations applies to this action.   Therefore, there is a two year statute which would apply to this cause of action.

A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. There are two possible grounds for extending the normal statute of limitations. The first is the discovery rule; the second is equitable tolling.   In general, courts allow a tolling of the statute until the plaintiff knew, or by reasonable diligence should have known, of both the injury and its cause. *Fries v. Chicago & Northwestern Transp. Co.,* 909 F.2d 1092, 1095 (7th Cir.1990).   The statute begins to run once a plaintiff has knowledge which would lead a reasonable person to investigate the possibility that her legal rights had been infringed. *LaSalle v. Medco Research, Inc.,* 54 F.3d 443, 446 (7th Cir. 1995).   In this case, there is no equitable tolling, because plaintiff's cause of action accrued when he was terminated, more than 6 years before filing the lawsuit.

Plaintiff, however argues that the Discovery Rule should apply in this case, and extend the statute.   This rule "postpones beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured." *Barry Aviation Inc. v.Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688-89 (7th Cir. 2004).   The issue of reasonable diligence in discovering injury, for purposes of discovery rule as an exception to statute of limitations, may become an issue for court, rather than question of fact for jury, if relevant facts are undisputed and only one conclusion may be drawn from them. *Cathedral of Joy Baptist Church v. Vill. of Hazel Crest*, 22 F.3d 713, 719 (7th Cir. 1994). The burden of showing that the complaints falls within the

purview of the discovery rule exception requires plaintiff to show that even with exercise of reasonable diligence he could not have known of the purported injury. *Id.* at 717.

Equitable tolling is a remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs. *Wallace v. Kato*, 549 U.S. 384, 396 (2007).   Here, plaintiff's accrual date was the date of his termination. While either the discovery rule or equitable tolling might require that plaintiff may be granted some amount of time to ascertain that his rights have indeed been violated, such leniency requires that it be pursued with reasonable diligence. Even if the Court construes all factual allegations contained in the complaint in favor of plaintiff, there is nothing in the record to suggest that plaintiff was unaware that he was terminated from his position.   Therefore, his claim in Count I is clearly time barred and the defendant's motion to dismiss Count I is **GRANTED.**

Count II is a claim for defamation, which is a state-based claim. The Court, therefore, declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3), and Count II is **DISMISSED.**

The Court **GRANTS** defendant's motion to dismiss,   and Count I is **DISMISSED** for failure to file within the appropriate statute of limitations.   The Court declines to exercise jurisdiction over the potential state-law claim and Count II is **DISMISSED** without prejudice.

The Clerk of the Court is **DIRECTED** to close this case. Each party shall bear its own costs.

**IT IS SO ORDERED.**

**DATE: December 5, 2012**

                                        /s/   WILLIAM D. STIEHL
                                              DISTRICT JUDGE